C. M. HILLIKER & SON v. R. H. ALLEN, Appellant.

Principal and agent: COMMISSION CONTRACT: CONSTRUCTION. Under a contract appointing plaintiff as defendant's agent for the sale of machinery in a certain territory, binding him to the sale of no other like machinery and reserving to defendant the right to terminate the agency if dissatisfied and to send its own canvassers into the territory, such agent is entitled to notice of the principal's dissatisfaction and intention to send canvassers into the field before he can be deprived of his commissions on machines sold by defendant.

**Incompetent evidence:** PREJUDICE. The admission of incompetent testimony where subsequently explained by the witness so as to work no prejudice will not constitute reversible error.

**Exclusion of evidence:** HARMLESS ERROR. The exclusion of competent evidence, where the fact sought to be proven is subsequently fully shown, is harmless error.

*Appeal from Woodbury District Court.*— HON. WILLIAM HUTCHINSON, Judge.

FRIDAY, OCTOBER 20, 1905.

THE parties hereto entered into a written agreement by the terms of which the plaintiffs were appointed the defendant's agents for the sale of engines and threshing machinery in Akron, Iowa, and the trade tributary thereto. They were to canvass the territory for the sale of said machinery, and bound themselves not to sell or take orders for the sale of other machines of the same character. The contract further provided that, if the plaintiffs failed to canvass their territory or to conduct the business to the satisfaction of the defendant, he had the right to terminate the agency or place his own canvassers in said territory, and that on any sales made by such canvassers no commission should be allowed the plaintiffs. This suit was brought to recover a commission alleged to be due on the sale of an outfit in the trade territory covered by the contract. There was a trial to the court, and a finding and judgment for the plaintiffs, from which the defendant appeals.— *Affirmed.*

*Henderson & Fribourg,* for appellant.

*Kennedy & Boland* and *F. W. Sargent,* for appellees.

SHERWIN, C. J.— The sale was actually made by the defendant, with the aid of his own canvassers, and there is a conflict in the evidence as to whether the plaintiffs were instrumental in procuring the purchaser. The trial court

found that they were, and the finding has ample support in the evidence. Denying the correctness of this finding, the appellant contends that the plaintiffs so neglected the business of their agency as to justify the defendant in sending his own canvassers into the field, and that, under the provision of the contract permitting this to be done when the business was not conducted to his satisfaction, there can be no recovery. There was no termination of the agency, and, if there was, in fact, any dissatisfaction on the part of Allen as to the conduct of the business, the plaintiffs were not notified thereof, and it would certainly be extremely unfair to them to place canvassers in their territory without advising them in advance of such intention. The contract, fairly construed, confers no such right on the principal. Furthermore, the conduct and letters of the appellant negative his claim that he sent his own canvassers into the field because of the plaintiffs' failure to properly conduct the business.

On the cross-examination of one of the appellant's witnesses he was permitted to state the appellant's custom as to assigning exclusive territory to local agents. Admitting, for present purposes, that the testimony was incompetent, it was not prejudicially so because of the witness's subsequent explanation that he meant thereby that agents should handle the defendant's goods, and no others.

The appellant complains because of a ruling excluding testimony as to the plaintiffs' contract with another threshing machine concern. The substance of the matter was fully shown at another time, however, and there is no foundation for the alleged error.

This and similar complaints are also fully answered by the statement that there is no evidence in the record tending to show that the plaintiffs tried to sell other goods of the same character during the life of the contract. Some other rulings on the admission of testimony are challenged, but we find nothing of sufficient importance to require specific men-

tion, and we find no error in the record for which there should be a reversal.    The judgment is therefore *affirmed*.